## BROWN *vs.* HEMPHILL.

1. It is not necessary in a declaration in debt on single bill, to aver a delivery of the writing obligatory to the payee; although such delivery is essential to its validity.

2. The statute of limitations, must always be pleaded in actions *ex contractu*, if such a defence is intended to be relied on.

Error to Greene County court.

Debt.—This action of debt, was instituted on the thirtieth day of March, eighteen hundred and thirty-five, by the plaintiff in error, against the defendant. The declaration contains four counts, of which the first, third and fourth, describe the cause of action to be a writing obligatory, made by the defendant bearing date the seventh of September, eighteen hundred and eighteen, promising to pay one A. M. Harwood, or order, two hundred dollars, on or before the first day of January then next. These counts allege an assignment of this writing obligatory, by Harwood to the plaintiff, on the twentieth of September, eighteen hundred and thirty-four, by endorsement on the same. The second count describes the date

Brown vs. Hemphill.

and making of a writing obligatory, on the seventh of September, *eighteen hundred and thirty-eight*, and its endorsement to plaintiff on the twentieth of September, *eighteen hundred and thirty-four*.

In neither of the counts is there any statement, that the writing obligatory was delivered to the payee, Harwood.

The defendant demurred to each count, and generally, to the whole declaration; and this demurrer was sustained, and judgment rendered for the defendant. The plaintiff prosecutes this writ of error, and assigns that the County court erred in sustaining the demurrer.

*Peck*, for plaintiff in error.

GOLDTHWAITE, J.—We have not been aided by any argument on behalf of the defendant in error, and are entirely at a loss to conceive on what reasons the judgment of the County court was founded.

The second count must be admitted bad, as it states an endorsement, before the instrument declared on was made, but even this error is presumed to arise from a mistake in the transcription of the record.

We do not perceive any material defect in the other counts: it is true, that a delivery of the writing obligatory is not averred, but this, although essential to its validity, need not be stated in pleading—(1 Chit. Pl. 351; 1 Saund. 291, n. 1.)

It is possible, however, that the judgment of the County court was predicated on the fact, that when the writ was issued, the statute of limitations, had already run

against the writing obligatory declared on.    If this idea influenced the court, the case was decided in opposition to the universal course of proceeding.

It is unnecessary, at this time, to go into an examination of cases to shew, that the statute of limitations must always be pleaded, to *actions ex contractu*, if that defence is intended to be relied on.

There was error in sustaining the demurrer to the first, third and fourth counts, for which the judgment of the County court is reversed and remanded.